IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEAL E. HARRIS, III, 1471160, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-1254-G |
| | ) | ECF |
| LUPE VALDEZ, ET AL., | ) | |
|         Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Sheriff Lupe Valdez, former District Attorney Bill Hill, Assistant District Attorneys Lindy Letch, Deborah Smith and Jennifer Bennett, Texas Department of Criminal Justice Director Brad Livingston, defense attorney Phil Wainscott and Judge Cruezot.

**II. Background**

Plaintiff was convicted of aggravated robbery. He states Defendants violated his due process rights by convicting him under the wrong the name. He argues the indictment names "Sherman Sheilds" as the defendant, but the name "Sherman Sheilds" is not his alias. He also argues he was denied a fair trial, and that he is being illegally restrained and falsely imprisoned.

**Findings and Conclusions of the
United States Magistrate Judge**        Page -1-

Plaintiff also states that Defendant Livingston has obstructed his mail. Plaintiff seeks money damages.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Findings and Conclusions of the**
**United States Magistrate Judge**      Page -2-

**IV. Discussion**

    **1. Defendant Phil Wainscott**

Plaintiff claims his defense attorney Phil Wainscott violated his civil rights by not objecting to the incorrect name. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiff has failed to show that Defendant Wainscott acted under color of state law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Plaintiff's civil rights claims against Defendant Wainscott are frivolous and should be dismissed.

**2.**    **Defendants Judge Cruezot/District Attorneys**

Plaintiff argues that Defendants Judge Cruezot, and prosecutors Letch, Smith, Bennett and Hill violated his civil rights when they tried and convicted him under the wrong the name**.** Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction.

*Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Additionally, a district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the state's case. *See Kalina v. Fletcher*, 522 U.S. 118, 123-128 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (1997). Plaintiff's claims against these Defendants should be dismissed.

### 3. Defendants Lupe Valdez and Brad Livingston

Plaintiff argues Defendants Valdez and Livingston are illegally restraining him in prison. In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims that he is being illegally restrained are clearly connected to the legality of his confinement. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 3). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**4.     Obstructing Mail**

Plaintiff argues that Defendant Livingston has violated his civil rights by obstructing his mail. Plaintiff states that mail addressed to "Neil Harris, III" has been returned because Plaintiff is listed at TDCJ as "Sherman Sheilds."

Plaintiff claims that the obstruction of his mail has affected his appeal rights. To prevail on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (finding plaintiff must demonstrate his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, plaintiff must show that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to "vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id*. (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). The right of access to the courts is not a "freestanding right," it is necessary that plaintiff demonstrate actual injury resulting from the alleged denial of access. *Id*. at 351.

In this case, the Texas Fifth District Court of Appeals website shows that Plaintiff's appeal is currently pending. Plaintiff has also failed to show he lost an actionable claim in any other case because he was denied access to his mail. Plaintiff's claim should therefore be dismissed.

**5.     State Law Claim**

Plaintiff appears to argue that Defendants' actions constitute intentional infliction of

emotional distress under state law. Because the Court recommends that Plaintiff's civil rights claims be dismissed, it also recommends that the state law claim be dismissed without prejudice to Plaintiff's right to file the claim in state court.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 claims against Defendants Judge Cruezot, Bill Hill, Lindy Letch, Deborah Smith, Jennifer Bennett and Phil Wainscott be dismissed with prejudice as frivolous; (2) Plaintiff's § 1983 claims against Sheriff Valdez and Brad Livingston regarding his conviction be dismissed with prejudice until the *Heck* conditions are met; (3) Plaintiff's § 1983 claims regarding his mail be dismissed with prejudice as frivolous; and (4) Plaintiff's state law claim be dismissed without prejudice.

Signed this 29th day of April, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -7-